UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>(1)MICHAEL R. BURNS and )<br>(2)ALFREDO J. DENIZARD )<br>) | CRIMINAL NO. 10-10390-GAO |

**GOVERNMENT'S SENTENCING MEMORANDUM FOR ALFREDO J. DENIZARD**

The United States, by and through Assistant U.S. Attorneys Maxim Grinberg and David G. Tobin, hereby submits a sentencing memorandum recommending a sentence of time served to be followed by a five-year term of supervised release for defendant Alfredo J. Denizard ("Denizard"). This request is based on the unique facts of the case and the background and mental health of Denizard at the time of, and subsequent to, the offense of conviction.

This Court, having recently presided over the six-day trial in this case, as well as the sentencing of co-defendant Michael R. Burns ("Burns"), is well-versed in the evidence supporting Denizard's conviction for armed bank robbery of the Harbor One Credit Union on September 4, 2010, which is the subject of the one-count Indictment charging him with armed bank robbery in violation of 18 U.S.C. 2113(a) & (d). The government incorporates the facts supporting the conviction as set forth in the Pre-Sentence Report ("PSR") ¶¶7-15.

Denizard and Burns were arrested by the state authorities on September 4, 2010 and remained in state custody until November 17, 2010, when they were transferred into federal custody on the instant federal indictment. PSR ¶1.  Two days later, on November 22, 2010, given Denizard's lack of criminal record and his serious mental health condition, which manifested itself while he was held at the Plymouth County Correctional Facility, see PSR ¶55, the Honorable Leo T. Sorokin released Denizard to a third party custodian on a $50,000 bond.[1]  Id. Nevertheless, Denizard's mental health deterioration continued upon release, resulting in two other significant episodes.  PSR ¶56.  Out of concern that Denizard's restrictive conditions of release might have contributed to his decline, he was released from the condition of electronic monitoring.

Burns remained in custody, elected trial, was found guilty, and was sentenced to 150 months, at the high-end of his U.S. Sentencing Guideline range.  Denizard, on the other hand, indicated early on his intention to plead guilty.

The PSR indicates that, prior to the offense of conviction, Denizard had no criminal record, including arrests.  On the

---

[1] Defendant's Sentencing Memorandum and attachments include a thorough review of Denizards's mental health history.  To protect confidentiality with respect to this information, the government has abstained from elaborating upon it in its sentencing memorandum.

other hand, when Denizard and Burns first met, Burns had established a significant criminal record of violence.  Among other convictions, Burns had sustained one conviction for unarmed and two convictions for armed bank robbery.  Burns had received a 3-4 year state sentence of imprisonment for these earlier bank robberies.

Denizard's psychiatric evaluations make abundantly clear his susceptibility to manipulation by adults.  Denizard proved to be extraordinarily vulnerable to Burns.  The undersigned attorneys had the opportunity to meet with Denizard,[2] and nothing in Denizard's presentation appeared to contradict the conclusions in the psychiatric evaluations.

Since his arrest on September 4, 2010, Denizard spent approximately a month and a half in state custody and five days in federal custody.  The parties agree that the U.S. Probation Department correctly calculated Denizard's U.S. Guideline Sentencing range, after acceptance of responsibility, to be 46-57 months.  The parties also agree that, given the circumstances of Denizard's background, see PSR ¶¶47-53, 55-63, and his role in this offense, time served with a five-year term of supervised release will meet all of the goals set forth in 18 U.S.C. § 3553(a).  While the offense was very serious, the

---

[2] Reports of those interviews were submitted under seal on October 19, 2012, together with the government's sentencing memorandum for Burns.

circumstances of Denizard's participation and his background mitigate the need for a more serious punishment. See 18 U.S.C. § 3553(a)(1) & (2)(A). The time already served by Denizard, given his lack of criminal background, will provide adequate specific deterrence to abstain from criminal conduct. See 18 U.S.C. § 3553(a)(2)(B). The proposed five-year term of supervised release, with adequate treatment, will suffice to protect the public from Denizard. See 18 U.S.C. § 3553(a)(2)(C). Denizard has been receiving treatment, which appears to have been successful up to this point, and has maintained gainful employment. See 18 U.S.C. § 3553(a)(2)(D). As for general deterrence, it is unlikely that a higher sentence would prove of sufficient deterrence to others suffering from the same deficiencies as Denizard.

Therefore, the government respectfully requests the Court to impose a sentence of time served, to be followed by a five-year term of supervised release.

                                      Respectfully submitted,

                                      Carmen M. Ortiz
                                      United States Attorney

                            By:  /s/ Maxim Grinberg
                                  MAXIM GRINBERG
                                  DAVID G. TOBIN
                                  Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this/these document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Maxim Grinberg
MAXIM GRINBERG
Assistant United States Attorney

Date: February 15, 2013